UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERMAIN ISAAC SKINNER,

      Plaintiff,

                                 CASE NO. 05-CV-70556-DT
                                 JUDGE PAUL D. BORMAN
                                 MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

LISA BALDERSTONE; VIRGIL BANASZAK;
THOMAS BIRKETT; MICHAEL ENGELSGJERD;
KEITH GRANSDEN; BARBARA MEAGHER;
JEFFREY WATSON; KAREN WRIGHT;
MILLER; URBAN; and UNKNOWN 1ST SHIFT
NURSING STAFF;

      Defendants.
_____/

**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR AN EXTENDED TIME FOR SERVICE DUE TO DEFENDANT UNKNOWN MCMILLIAN BEING MISNAMED AS "UNKNOWN MILLER, LIEUTENANT" (Doc. Ent. 43)**

Table of Contents

I.    RECOMMENDATION: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.   REPORT: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    A.    Procedural History . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    B.    Plaintiff's Motion for an Extended Time for Service Due to Defendant Unknown McMillian Being
           Misnamed as "Unknown Miller, Lieutenant" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    C.    Fed. R. Civ. P. 4 and 6 ("Summons" and "Time") . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
         1.    Waiver of service and service upon individuals . . . . . . . . . . . . . . . . . . . . . . . . . . 3
         2.    Time limit for service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
         3.    Enlargement of time . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    D.    Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
         1.    There is good cause as set forth in Fed. R. Civ. P. 4(m) for plaintiff's failure to properly
             effectuate service within 120 days; however, if the Court disagrees, it may still grant an
             extension of time within which to effectuate service. . . . . . . . . . . . . . . . . . . . . . . . 5
         2.    There is excusable neglect as required by Fed. R. Civ. P. 6(b)(2) for plaintiff's failure to
             properly effectuate service within 120 days. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
         3.    Even if the Sixth Circuit were to hold that a finding of excusable neglect under Rule
             6(b)(2) differs from a finding of good cause under Rule 4(m), my conclusions remain
             unchanged. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

III.  NOTICE TO PARTIES REGARDING OBJECTIONS: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

**I.     RECOMMENDATION:** The Court should grant plaintiff's motion for an extended time for service due to defendant unknown McMillian being misnamed as "Unknown Miller, Lieutenant". (Doc. Ent. 43). Furthermore, the Court should enter an order requiring the U. S. Marshal to serve defendant McMillian at the Standish Maximum Correctional Facility (4713 West M-61, Standish, Michigan 48658).

**II.    REPORT:**

**A.     Procedural History**

On February 11, 2005, plaintiff filed a pro se, prisoner civil rights complaint.[1] Defendants (ten (10) individuals and other unknown medical staff members) are employed at the Standish Maximum Correctional Facility (SMF). Compl. ¶¶ 2, 4-6. The facts underlying plaintiff's complaint stem from an alleged January 25, 2002 incident during which plaintiff was "stabbed in the left eye by an unknown assailant." Compl. ¶¶ 11-30. Plaintiff's claims - an alleged failure to protect and hindrance of medical treatment - are based upon the Eighth and Fourteenth Amendments. Compl. ¶¶ 31-32. He seeks injunctive and declaratory relief, as well as monetary (compensatory, nominal, and punitive) damages. Compl. ¶¶ 33-34.[2]

Currently, plaintiff is incarcerated at the Baraga Maximum Correctional Facility (AMF).[3]

---

[1] On March 8, 2005, Judge Borman referred this case to me to conduct all pretrial proceedings. (Doc. Ent. 6).

[2] On February 15, 2006, I filed a report recommending in part that the Court grant in part and deny in part defendant Engelsgjerd's motion to dismiss. (Doc. Ent. 46). This report and recommendation is currently pending before Judge Borman.

[3] *See* www.michigan.gov/corrections, "Offender Search".

**B.     Plaintiff's Motion for an Extended Time for Service Due to Defendant Unknown McMillian Being Misnamed as "Unknown Miller, Lieutenant"**

At this time, only defendants Balderstone, Banaszak, Birkett, Engelsgjerd, Gransden, Meagher, Watson, and Wright are properly before this Court.[4] Apparently, Miller and Urban have not been served, as waivers of service were returned unexecuted as to named defendants Miller and Urban on March 16, 2005. (Doc. Entries 7 and 8). Furthermore, it does not appear that the first shift nursing staff members have been served.

On January 13, 2006, plaintiff filed a motion for an extended time for service due to defendant Unknown McMillian being misnamed as "Unknown Miller, Lieutenant". (Doc. Ent. 43).[5]

**C.     Fed. R. Civ. P. 4 and 6 ("Summons" and "Time")**

**1.     Waiver of service and service upon individuals**

"To avoid costs [of service], the plaintiff may notify . . . defendant of the commencement of the action and request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(2). "Unless otherwise provided by federal law, service upon an individual from whom a

---

[4]Appearances have been filed on behalf of the seven (7) MDOC defendants (Wright, Gransden, Baneszak, Watson, Ballerstone, Meagher, and Birkett). (Doc. Entries 9, 10). Furthermore, defendant Engelsgjerd's waiver of service was returned executed. (Doc. Ent. 12).

[5]Plaintiff claims that "when [he] was being wheeled to health care, the unknown nurse stopped and the defendant, unknown Miller, Lt., sent plaintiff through his 3rd inquisition which further delayed the plaintiff from getting critical medical help." Doc. Ent. 1 at 4 ¶ 20. Plaintiff also claims that defendant Miller's "failure to have STG II's separated and/or monitored closely per policy, procedure, rules, etc . . . caused the plaintiff to be totally blind in left eye for life[.]" Doc. Ent. 1 at 6 ¶ 27. Plaintiff alleges that Miller "failed to protect, was negligen[t], and [his] actions and/or inactions caused the plaintiff to loose the sight in his left eye, experience psychological [trauma] of flashbacks, sleepless nights more so [than] not, and to fear being in crowded places, change the plaintiff's life forever by making the plaintiff handicap without the full use of his sight contrary to [the Eighth and Fourteenth Amendments]." Doc. Ent. 1 at 6 ¶ 31.

waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States[.]" Fed. R. Civ. P. 4(e).  Such service may be made "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State[.]" Fed. R. Civ. P. 4(e)(1).[6]  Alternatively, such service may be made "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individuals' dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e)(2).

**2.	Time limit for service**

"If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be

---

[6]Michigan Court Rule 2.105 governs process and manner of service.  It provides, in pertinent part:

Process may be served on a resident or nonresident individual by,

(1) delivering a summons and a copy of the complaint to the defendant personally; or

(2) sending a summons and a copy of the complaint by registered or certified mail, return reeipt requested, and delivery restricted to the addressee.  Service is made when the defendant acknowledges receipt of the mail.  A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

M.C.R. 2.105(A).

4

effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1)." Fed. R. Civ. P. 4(m). The Sixth Circuit reviews "for abuse of discretion a district court judgment dismissing a complaint for failure to effect timely service of process." *Johnson v. Hayden*, No. 99-3959, 2000 WL 1234354, **3 (6th Cir. Aug. 24, 2000) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

**3.      Enlargement of time**

"When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in them." Fed. R. Civ. P. 6(b) ("Enlargement"). "A district court's determination with respect to excusable neglect is subject to review under an 'abuse of discretion' standard." *Allen v. Murph*, 194 F.3d 722, 724 (6th Cir. 1999).

**D.      Analysis**

**1.      There is good cause as set forth in Fed. R. Civ. P. 4(m) for plaintiff's failure to properly effectuate service within 120 days; however, if the Court disagrees, it may still grant an extension of time within which to effectuate service.**

5

Plaintiff's complaint was filed on February 11, 2005. Pursuant to Fed. R. Civ. P. 4(m), plaintiff should have served defendants with the instant complaint by June 11, 2005. Therefore, the Court does not currently have jurisdiction over the unserved, named defendants. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969) ("The consistent constitutional rule has been that a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant.").

**a.     The history of Fed. R. Civ. P. 4(m) and other circuits' treatment of the rule.**

Before the December 1, 1993 amendment to Rule 4, a complaint had to be served within 120 days in the absence of good cause. *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir.1994) (interpreting 4(j)); *Moncrief v. Stone*, 961 F.2d 595, 596 (6th Cir. 1992) (interpreting 4(j)); *Friedman v. Estate of Presser*, 929 F.2d 1151, 1155, 1157 (6th Cir.1991); *U.S. v. Gluklick*, 801 F.2d 834, 837 (6th Cir. 1986) (citing cases) ("Rule 4(j) renders dismissal after 120 days mandatory rather than discretionary in the absence of good cause or a request for extension of time.").

On December 1, 1993, Fed. R. Civ. P. 4(m), which replaced 4(j), became effective. Rule 4(m) states:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

Fed. R. Civ. P. 4(m). The Advisory Committee Notes on the 1993 Amendments state that Rule 4(m), "authorizes the court to relieve a plaintiff of the consequences of an application of this

subdivision even if there is no good cause shown." This portion of the notes was recognized by the Supreme Court in *Henderson v. United States*, 517 U.S. 654, 662 (1996); *see also Stewart v. Tennessee Valley Authority*, No. 99-5723, 2000 WL 1785749, **1 (6th Cir. Nov. 21, 2000).

As noted in *Wise v. Department of Defense, et al.*, 196 F.R.D. 52, 55-56 (S.D. Ohio 1999), several other circuits have adopted this position. *See Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996); *Troxell v. Fedders of North America, Inc.*, 160 F.3d 381, 383 (7th Cir. 1998) (citing *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 (7th Cir.1996); *Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir.1997)) ("Even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service."); *Adams v. AlliedSignal General Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996); *De Tie v. Orange County*, 152 F.3d 1109, 1111 n.5 (9th Cir. 1998) (dicta).

**b.     The Sixth Circuit's treatment of Rule 4(m).**

Since Rule 4(m)'s enactment, two published Sixth Circuit cases have stated that "[a]bsent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir.1994) (interpreting 4(j))); *see also Catz v. Chalker*, 142 F.3d 279, 289 n.10 (6th Cir. 1998). Furthermore, several unpublished Sixth Circuit opinions, most of which occurred after the 1993 amendment to Rule 4, have held that good cause is required for an extension of time under subsection (m). *Harris v. City of Cleveland*, No. 99-4403, 2001 WL 345802, **3 (6th Cir. Mar. 26, 2001) (not selected for publication) (interpreting 4(m)) (citing *Habib v. General Motors Corporation*, 15 F.3d 72, 73 (6th Cir. 1994)) ("In the

7

absence of a showing of good cause, failure to timely serve a defendant mandates dismissal.");
*Jacobs v. Young*, No. 98-4083, 1999 WL 1021610, **3 (6th Cir. Nov. 2, 1999) (interpreting 4(m)); *Williams v. Vogelpohl*, No. 98-3142, 1999 WL 96748, **2 (6th Cir. Feb. 3, 1999) (interpreting 4(m)); *Thurman v. GTE*, No. 97-5595, 1998 WL 69085, **1 (6th Cir. Feb. 10, 1998) (interpreting 4(m)); *Moore v. Nesbitt*, No. 95-6690, 1997 WL 52917, **1 (6th Cir. Feb. 7 ,1997) (interpreting 4(m)); *Jones v. Purcell*, No. 96-1264, 1997 WL 52929, **1 (6th Cir. Feb. 7, 1997) (interpreting 4(m)); *Miller v. Runyon*, No. 94-6439, 1995 WL 325692, **1 (6th Cir. May 30, 1995) (interpreting 4(m)); *Mancini v. City of Garfield Heights*, No. 94-3183, 1994 WL 548830 (6th Cir. Oct. 6, 1994) (interpreting 4(m)) (citing *Moncrief*, 961 F.2d at 596).[7]

However, in *Wise v. Department of Defense*, 196 F.R.D. 52 (S.D. Ohio 1999), the district court interpreted the above-cited statements in *Byrd* and *Catz* as dicta. *Wise*, 196 F.R.D. at 56. With regard to the language of Rule 4(m), the court noted:

> A plain reading of the first clause reveals that a District Court generally possesses the discretion to dismiss a complaint or to allow service to be perfected within a specified time, regardless of the absence of good cause, whenever a plaintiff fails to perfect service within 120 days after filing a complaint. The second clause then removes a District Court's discretion if a plaintiff establishes good cause for his failure to comply with the 120-day time limit. Upon a showing of good cause for non-compliance, a District Court shall extend the time for service.

*Wise*, 196 F.R.D. at 55. Based upon the persuasive authority from other Circuits, the Advisory Committee notes, Rule 4(m)'s plain language, and the absence of a published Sixth Circuit case to the contrary, the district court held that a court "may, in its discretion, extend the 120-day period for [plaintiff] to effect service on the [d]efendants, pursuant to the first clause of Rule

---

[7]At one time, the Fourth Circuit adhered to this reading of the statute as well. *Mendez v. Elliot*, 45 F.3d 75, 79 (4th Cir. 1995) (interpreting 4(m) and 4(j)).

8

4(m), even absent a showing of good cause." *Id*. at 56.  *See also In re Lopez*, 274 B.R. 717, 719 n.2 (E.D. Mich. 2002);[8] *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 325-326 (E.D. Mich. 2001)**.**

Albeit unpublished, a later case from the Sixth Circuit buttressed the conclusion reached in *Wise*:  "Rule 4(m) provides significantly more discretion for the district court to grant an extension of time to serve process that did the former Rule 4(j) . . . and no longer requires district courts to find good cause before granting such an extension." *Johnson v. Hayden*, No. 99-3959, 2000 WL 1234354, **3 n.3 (6th Cir. Aug. 24, 2000) (internal citations omitted).  The same unpublished opinion was critical of the aforementioned dicta in *Byrd*:  "It is clear that in light of the text of the new Rule 4(m) and its accompanying Advisory Committee Notes, our previous suggestion in dicta that good cause is still absolutely required to extend the 120-day period . . . is inaccurate." *Id*. (internal citation to *Byrd*, 94 F.3d at 218 n.2, omitted).

In light of the foregoing, the Court should adopt the position set forth in *Wise* and interpret Rule 4(m) as permitting an extension of the time within which to effect service even absent a showing of good cause.

**c.   There is good cause for plaintiff's failure to serve defendant within the 120-day period.**

Courts have enumerated many factors to consider when determining whether good cause exists under Rule 4(m).  At least one Court has stated that "a plaintiff may be required to show

---

[8]In an appeal, Judge Lawson stated:  "This Court agrees that a plaintiff need not demonstrate good cause under the rules, but finds that the lower court abused its discretion by not properly evaluating the potential prejudice to the debtor that could result from the extension. The Court, therefore, will vacate the order of the bankruptcy court extending the service deadline and remand for further proceedings." *In re Lopez*, 292 B.R. 570, 572 (E. D. Mich. 2003).

9

the following factors in order to bring the excuse to the level of good cause: '(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.'" *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991) (citing *Hart v. United States*, 817 F.2d 78, 80-81 (9th Cir.1987)))).[9]

Another court has set forth the following description: "Good cause generally means plaintiff attempted service but did not complete it; plaintiff was confused about the requirements of service; or plaintiff was prevented from serving defendants by factors beyond his control. It is examined by considering: (1) whether the delay resulted from inadvertence or whether a reasonable effort to effect service has occurred; (2) whether defendant has been prejudiced by the delay; or (3) whether plaintiff has moved for an enlargement of time to effect service under FRCP 6(b)." *Television Signal Corp. v. City and County of San Francisco*, 193 F.R.D. 645, 646 (N.D. Ca. 2000); *see also Echevarria v. Department of Correctional Services of N.Y. City*, 48 F. Supp.2d 388, 392 (S.D.N.Y. 1999); *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995) (citing *United States v. Nuttall*, 122 F.R.D. 163, 166-67 (D.Del.1988).

Still another court considered whether there were attempts to seek addresses, whether defendant(s) complained of lack of personal service, whether defendants' counsel had notice, whether there is an absence of prejudice; and whether there was a connection between the

---

[9] However, "[a]ctual knowledge of the suit will not cure defective service." *Swearingen v. Cloutier*, No. 93-3919, 1994 WL 102974, **1 (6th Cir. Mar. 25, 1994) (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1155 (6th Cir.1991)).

delayed service and the length of the judicial proceedings. *Del Raine v. Carlson, et al.*, Nos. 94-2595, 94-3101, 1996 WL 47451 (7th Cir. Feb. 1, 1996).

The Sixth Circuit has made several determinations of good cause under Rule 4(m). For example, "[i]nadvertence or half-hearted efforts to serve do not constitute good cause." *Harris v. City of Cleveland*, No. 99-4403, 2001 WL 345802, \*\*3 (6th Cir. Mar. 26, 2001) (not selected for publication) (citing *Friedman v. Estate of Jackie Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991)). *See also Thurman v. GTE*, No. 97-5595, 1998 WL 69085, \*\*1 (6th Cir. Feb. 10, 1998) ("Neither half-hearted efforts to serve a defendant within the required time frame nor inadvertent failure to do so constitutes good cause."). The Court has further held dismissal appropriate where opposing counsel informed plaintiff's counsel of defect in service one month before the service period expired and bankruptcy court gave plaintiffs' counsel an opportunity to cure the defects. *In re Love*, No. 00-5038, 2001 WL 182373, \*\*1 (6th Cir. Feb. 12, 2001) (not selected for publication). Furthermore, dismissal may be appropriate where service attempted twice unsuccessfully for an in forma pauperis plaintiff at an address provided by plaintiff and where no further attempts at service by plaintiff were apparent. *Jones v. Purcell*, No. 96-1264, 1997 WL 52929 (6th Cir. Feb. 7, 1997). On the other hand, "failure by the district court and the Marshals Service to carry out their duties constitutes good cause under Rule 4." *Donaldson v. U.S.*, No. 01-2510, 2002 WL 987904, \*1 (6th Cir. May 10, 2002) (citing *Byrd*, 94 F.3d at 220).[10]

On January 13, 2006, plaintiff filed a motion for an extended time for service due to defendant unknown McMillian being misnamed as "unknown Miller, Lieutenant". Doc. Ent. 43

---

[10]The Sixth Circuit has refused to "hold plaintiff responsible for the court's failure to effect timely service of his original complaint." *Byrd*, 94 F.3d at 220.

11

at 1.[11]  Plaintiff claims that "[g]ranting the instant motion would simplify and clarify matters in this case."  Doc. Ent. 43 at 2.

"Pro se status or any of the other listed explanations for a failure to make timely service, however, is not automatically enough to constitute good cause for purposes of Rule 4(m)."  *McIsaac v. Ford*, 193 F.Supp.2d 382, 383 (D. Mass. 2002) (citing Wright & Miller, Federal Practice and Procedure: Civil 3d § 1137, at 342 (2002)).  "'[I]gnorance of the law, even in the context of pro se litigants, does not constitute good cause [under Rule 4(m) ].'"  *Williams v. Winfield*, 2002 WL 91619, *1 (S.D.N.Y. Jan. 24, 2002) (citing *Amnay v. Del Labs*, 117 F.Supp.2d 283, 285 (E.D.N.Y.2000)).  However, in this case, application of the "good cause" factors of several courts to this case adds weight to the conclusion that plaintiff has established good cause for his failure to serve defendant within 120 days.

First, it is not apparent that defendant has actual notice of this lawsuit.  The docket does not show that the Attorney General's Office has filed an appearance on behalf of proposed defendant McMillian (although the Attorney General's Office has filed appearances on behalf of Ballerstone, Baneszak, Birkett, Grandson, Meagher, Watson, and Wright) and defendant McMillian has not filed any documents in this case.  Second, it is not apparent whether defendant would be prejudiced by extending the time within which to effect service.  Third, there is indication that plaintiff would be severely prejudiced by having to refile his complaint as to McMillian.  *See* Section II.D.1.d of this report.  Fourth, Magistrate Judge Whalen's March 1,

---

[11]Plaintiff claims he "would be able to prove that Defendant McMillian is in fact the "unknown 1st shift lieutenant on 25/Jan/02 if granted discovery in this matter."  Doc. Ent. 43 at 2.  On February 15, 2006, I entered an order denying without prejudice plaintiff's April 1, 2005 motion for pretrial discovery.  (Doc. Ent. 45).

2005 order directing service by the U. S. Marshal was apparently effective as to several defendants but was not as to defendants Miller and Urban. Defendant Miller's waiver of service was returned unexecuted on March 16, 2005. The stamps on the form indicate "no response received" and "summons has expired". (Doc. Ent. 7). The address on the waiver of service form is the correct address for SMF; therefore, the Court might assume that plaintiff's provision of an incorrect name was the cause for the failure to effectuate service. Although the unexecuted March 2005 waiver of service of summons was filed before the expiration of the 120-day period, plaintiff may have been unaware of this filing. It is not clear from plaintiff's motion whether plaintiff's "misnaming" of McMillian was based upon a spelling error or plaintiff not knowing McMillian's true last name. Given the similarity between the names Miller and McMillian, there is no reason to believe this was anything other than an innocent mistake on plaintiff's part. Fifth, plaintiff filed the instant motion for an extension of time within which to effectuate service. Sixth, there is no nexus between plaintiffs' failure to effectuate service and the length of these judicial proceedings. Although the case was filed a little more than one year ago, a scheduling order setting deadlines for discovery, dispositive motions, etc., has not yet been entered in this case.

**d.     Even if the Court disagrees, it should grant an extension pursuant to the first clause of Rule 4(m).**

In *Wise*, the Court exercised its discretion to extend the period for service in the absence of good cause where (1) plaintiff did not significantly delay proper service, because plaintiff properly effected service less than one month after the 120 day period expired; (2) defendants suffered no prejudice other than having to defend a lawsuit; (3) plaintiff would have been substantially prejudiced, because plaintiff could not refile the discrimination claims; and (4) and

plaintiff's counsel had been ill and her assistant made good faith attempts to effectuate service. *Wise*, 196 F.R.D. at 57.

After considering the *Wise* discretionary factors, the Court should grant plaintiff's motion and extend the period in which he may properly effectuate service upon McMillian. It is true that there has been significant delay between the March 16, 2005 waiver of service returned unexecuted as to Miller or the June 11, 2005 deadline for service and the January 13, 2006 motion for extension. Had plaintiff known that the service upon Miller/McMillian had not been accomplished, he may have filed the instant motion sooner. However, assuming that plaintiff had been relying on March 1, 2005 order directing service by the U. S. Marshal or that plaintiff was unaware that the March 2005 waiver of service of summons had been returned unexecuted (1) there is no indication that McMillian would be prejudiced by extending the time in which plaintiff might serve him; (2) plaintiff may be substantially prejudiced if the Court dismisses the complaint without prejudice as to McMillian, because the incident on which his complaint is based occurred on January 25, 2002 and a dismissal without prejudice now of defendant McMillian may well bar plaintiff from refiling his complaint;[12] and (3) there does not appear to be any bad faith on plaintiff's part.

**2.      There is excusable neglect as required by Fed. R. Civ. P. 6(b)(2) for plaintiff's failure to properly effectuate service within 120 days.**

---

[12]"The statute of limitations for a § 1983 claim is generally the applicable state-law period for personal-injury torts." *City of Rancho Palos Verdes, California v. Abrams*, 544 U.S. 113 (2005) (citing *Wilson v. Garcia*, 471 U.S. 261, 275 (1985)). In Michigan, "[t]he period of limitations is 3 years after the time of the death or injury . . . to recover damages for the death of a person, or for injury to a person or property." Mich. Comp. Laws § 600.5805(9).

If the Court does not agree with the conclusion that it should extend the period in which plaintiff may properly effectuate service upon McMillian pursuant to Fed. R. Civ. P. 4(m), then the Court should grant plaintiff the relief he seeks based upon the fact that there is excusable neglect for plaintiff's failure to serve McMillian in a timely manner.

Enlargements of time are governed by Fed. R. Civ. P. 6(b). Plaintiff's motion to extend the time for service was filed on January 13, 2006, well outside of the time permitted by Fed. R. Civ. P. 4(m). Therefore, plaintiff's request for an extension of time within which to serve defendant McMillian is governed by Fed. R. Civ. P. 6(b)(2), and the Court must consider whether plaintiff's failure to serve McMillian was "the result of excusable neglect[.]" Fed. R. Civ. P. 6(b)(2).

Where a motion for extension of time is "made after the expiration of the specified period [the court may] permit the act to be done where the failure to act was the result of excusable neglect[.]" Fed. R. Civ. P. 6(b)(2). "'[T]he excusable neglect standard has consistently been held to be strict, and can be met only in extraordinary cases.'" *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005) (quoting *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989). "The movant first must demonstrate that his failure to meet the deadline was a case of neglect." *Turner*, 412 F.3d at 650. "Neglect exists where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness." *Id*. (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993)). "Second, the movant must establish that the failure to act was excusable." *Id*. "'The determination of whether a case of neglect was excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the

[non-moving party], the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Id.* (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395). *See also Morgan v. Gandalf, Ltd.*, No. 05-3189, 2006 WL 238321, *2-*4 (6th Cir. Jan. 31, 2006).

Examples of excusable neglect include cases where an answer would have been on time but for transposition of numbers in address. *Willims v. Hollingsworth Group, Inc.*, No. 00-1313, 2000 WL 1720922 (6th Cir. Nov. 8, 2000). Also, an attorney's actions may constitute excusable neglect even where a client has done all that he or she can reasonably do. *Allen v. Murph*, 194 F.3d 722, 724 (6th Cir. 1999) (citing *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, et al.*, 507 U.S. 380, 396 (1993)). *See also Hill v. Marshall*, No. 86-3987, 1988 WL 117163 (6th Cir. Nov. 4, 1988) (attorneys' affidavit explaining late answer supported excusable neglect).

As previously noted, it is not clear from plaintiff's motion whether plaintiff's "misnaming" of McMillian was based upon a spelling error or plaintiff not knowing McMillian's true last name. Certainly, to the extent it was based upon a spelling error, the misspelling of McMillian's last name could have been the result of carelessness on plaintiff's part - constituting neglect. As to whether the neglect was excusable, it is not apparent, as previously noted, that there would be any prejudice to McMillian. Further, it does not appear that the delay between having served defendant McMillian by June 11, 2005 and sometime in the near future would have much of an impact on these proceedings. Also, even if the plaintiff could have found out the correct spelling of McMillian's name at a sooner date, it does not appear that plaintiff has acted in bad faith. As noted, plaintiff claims that service upon McMillian was not made within

120 days, because he was "misnamed" in the grievances and complaints. Doc. Ent. 43 at 1. Plaintiff also claims that "[g]ranting the instant motion would simplify and clarify matters in this case." Doc. Ent. 43 at 2. Therefore, the Court should conclude that plaintiff is entitled to additional time within which to serve McMillian on the basis that there is excusable neglect for the delay.

**3.    Even if the Sixth Circuit were to hold that a finding of excusable neglect under Rule 6(b)(2) requires less than a finding of good cause under Rule 4(m), my conclusions remain unchanged.**

Some courts have equated Rule 4(m)'s "good cause" requirement with Rule 6(b)(2)'s "excusable neglect" requirement. *Nanyonga v. Immigration and Naturalization Service*, 200 F.R.D. 503, 506 (M.D. Pa. 2001) (citing *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995); *In re Chambers Development Securities Litigation*, 848 F. Supp. 602, 628-629 (W.D. Pa. 1994). *See also Guyer v. Kunz*, No. Civ. A. 99-923-GMS, 2000 WL 1876474, **1 (D. Del. Dec. 15, 2000); *Lau v. Klinger*, 46 F. Supp.2d 1377, 1380 (S.D. Ga. 1999) (citing *Madison v. BP Oil Co.*, 928 F.Supp. 1132, 1137 (S.D. Ala. 1996));

The Sixth Circuit appears not to equate these terms. "'Without attempting a rigid or all-encompassing definition of 'good cause,' it would appear to require at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice[.]'" *Moncrief*, 961 F.2d at 597 (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir.1985)).[13] *See also Stewart v.*

---

[13]*Moncrief*'s description of excusable neglect is narrow in relation to that of the Tenth Circuit, where "a finding of excusable neglect under Rule 6(b)(2) requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period." *In re Four Seasons Securities Laws Litigation*, 493 F.2d 1288, 1290 (10th Cir. 1974).

17

*Tennessee Valley Authority*, No. 99-5723, 2000 WL 1785749, \*\*1 (6th Cir. Nov. 21, 2000) (interpreting Fed. R. Civ. P. 4(m)) ("Good cause requires at least excusable neglect.") (citing *Moncrief*, 961 F.2d at 597 (citation omitted)).

Even if the Sixth Circuit were to hold that a finding of excusable neglect requires less than a finding of good cause, my conclusion remains unchanged. First, although plaintiff's provision of Miller versus McMillian as defendant's name might arguably be characterized as "simple inadvertence", and therefore insufficient for excusable neglect or good cause as defined in *Moncrief*, *Moncrief* concluded that plaintiff had not demonstrated "good cause" for the failure to comply with Rule 4(j). *Moncrief*, 961 F.2d at 599. While the meaning of "good cause" under 4(j) and 4(m) may be the same,[14] the conclusion I reached in Section II.D.1.c (*with regard to the second or "good cause" clause of Rule 4(m)*) is based upon Fed. R. Civ. P. 4(m) and cases from several courts that post-date *Moncrief*. Although most of these cases are from other circuits and although the Sixth Circuit cases cited are unpublished, the central issue here is supplying the Court with the wrong name, either because it was misspelled or because plaintiff did not know defendant McMillian's true name, whereas the lack of good cause in *Moncrief* was based upon non-compliance with Fed. R. Civ. P. 4(d)(4). As to the unpublished cases, to the extent that the misnaming was based upon plaintiff now knowing defendant McMillians' true name, such a mistake is not a "half-hearted" effort to effect service. *See Harris*, 2001 WL 345802, \*\*3 (where appellant stated that "the refusal of Appellees' employers to disclose to him the home addresses

---

[14]"We need not decide whether prior Rule 4(j) or current Rule 4(m) governs the facts in this case because, under either version, an extension is warranted if plaintiff can show good cause." *Byrd*, 94 F.3d at 219 n.3.

and work locations of Appellees constituted good cause to excuse his failure to timely serve them[,]" and where the district court "based its decision on Appellant's lack of effort to perfect service within the mandated 120 days, stating Appellant had been on notice service had not been perfected well over a month before the 120- day service period expired[,]" the Court concluded that "[i]n the absence of a reasonable effort to perfect service within the mandated period, the district court did not need to consider whether Appellant had an excuse arising outside that mandated period. Because we agree with the district court's conclusion that Appellant's efforts were neither reasonable nor diligent, we find there was no abuse here."), and *Thurman*, 1998 WL 69085, \*\*1. Also, it is not clear that plaintiff was aware of the defect in service as to Miller in March 2005. *In re Love*, 2001 WL 182373, \*\*1. Furthermore, "plaintiff was entitled to rely on the United States Marshal's Service for service of process because he was permitted to proceed in forma pauperis." *Jones*, 1997 WL 52929, \*\*1.

Second, the conclusion reached in Section II.D.2 (*with regard to the "excusable neglect" clause of Rule 6(b)*) is based upon Fed. R. Civ. P. 6(b)(2) and the guidance of *Turner*, a published Sixth Circuit case from 2005 interpreting "excusable neglect" as set forth in Fed. R. Civ. P. 6(b).

### III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir.

1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives

PAUL J. KOMIVES

UNITED STATES MAGISTRATE JUDGE

Dated 3/31/06

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on March 31, 2006.
>
> s/Eddrey Butts
> Case Manager