UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERMAIN I. SKINNER,

        Plaintiff,                              Case Number: 05-70556

v.                                                  JUDGE PAUL D. BORMAN
                                                        UNITED STATES DISTRICT COURT

UNKNOWN GRANDSON, et al.,

        Defendants.
_____ /

### ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN FAVOR OF:
### (1) DENYING PLAINTIFF'S MOTIONS TO DISMISS;
### (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;
### (3) GRANTING IN PART AND DENYING IN PART DEFENDANT ENGELSGJERD'S MOTION TO DISMISS AS TO EQUAL PROTECTION CLAIM, ONLY;
### (4) DENYING THE MDOC DEFENDANTS' (CONCURRENCE IN DEFENDANT ENGELSGJERD'S) MOTION TO DISMISS;
### (5) DENYING, AS MOOT, PLAINTIFF'S MOTION FOR A JURY TRIAL; AND (6) DENYING PLAINTIFF'S MOTION FOR A PERMANENT INJUNCTION

      Before the Court is the Magistrate Judge's Report and Recommendation in favor of (1) Denying Plaintiff's Motions to Dismiss the Defendants' motion as procedurally improper; (2) Denying Plaintiff's Motion for Summary Judgment; (3) Granting In Part and Denying In Part Defendant Engelsgjerd's Motion to Dismiss; (4) Denying the MDOC Defendants' concurrence in Defendant Engelsgjerd's Motion to Dismiss; (5) Denying Plaintiff's Motion for a Jury Trial; and (6) Denying Plaintiff's Motion for a Permanent Injunction.  Defendant Engelsgjerd and the MDOC Defendants objected to the Magistrate Judge's ruling as to the Defendants' Motions to Dismiss due to failure of Plaintiff to exhaust his administrative remedies, and due to Plaintiff's

1

failure to state a claim.

In their first objection, Defendants principally argue that Plaintiff failed to exhaust his administrative remedies because the Warden was not specifically named in Step I of the grievance process.  Defendants claim that some facilities may change wardens with frequency, or have deputy wardens, thereby requiring specific claims to satisfy the exhaustion requirements. However, this Court agrees that, as stated in the Report and Recommendation, by naming the warden position in the grievance process, Plaintiff gave fair notice to Defendants.[1]  In their second objection, Defendants argue that Plaintiff failed to state a claim against Defendant Engelsgjerd because he failed to allege that Engelsgjerd was personally involved.  However, this Court agrees with the Magistrate Judge that a short and plain statement of the case is all that is required.  Therefore, the allegation that Engelsgjerd was one of the Defendants who improperly delayed his medical treatment states a claim against Engelsgjerd.

Accordingly, having reviewed that Report and Recommendation, the Defendants' objections thereto, and Plaintiff's responses to those objections, the Court enters as its findings and conclusions the Report and Recommendation.

**SO ORDERED.**

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated:  July 14, 2006

---

[1] *See Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003).

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 14, 2006.

                                                s/Denise Goodine
                                                Case Manager