**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GERMAIN I. SKINNER,

    Plaintiff,                              Civil Case No. 05-CV-70556

vs.                                        JUDGE PAUL D. BORMAN
                                             MAGISTRATE JUDGE PAUL J. KOMIVES

UNKNOWN GRANDSON, UNKNOWN
BANESZAK, UNKNOWN WATSON,
LISA BALLERSTONE, UNKNOWN
MILLER, LT. B. MEAGHER, T.
BIRKETT, UNKNOWN ENGELSGJERD,
DR., UNKNOWN URBAN, DR. KAREN
WRIGHT, UNKNOWN 1ST SHIFT
NURSING STAFF ON 25/JAN/02,

    Defendants.
_____/

**OPINION AND ORDER
(1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
GRANTING DEFENDANT ENGLESGJERD'S MOTION FOR SUMMARY JUDGMENT
AND MICHIGAN DEPARTMENT OF CORRECTIONS DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND THE MAGISTRATE JUDGE'S ORDER DENYING
PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL,
(2) REJECTING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION GRANTING DEFENDANTS SUMMARY
JUDGMENT, AND
(3) DISMISSING THE ACTION[1]**

---

[1] In his Complaint, Plaintiff also named four other "unknown" defendants: Unknown Miller, Lt., Unknown Urban, Dr., and Unknown First Shift Nursing Staff on January 25, 2002. Both Unknown Urban and Unknown First Shift Nursing Staff were never served. On January 13, 2006, Plaintiff filed a Motion for Extended Time for Service Due to Defendant Unknown McMillian Being Misnamed as "Unknown Miller, Lieutenant." (Dkt. No. 43). Magistrate Judge Komives entered a Report and Recommendation granting Plaintiff's Motion (Dkt. No. 53), and the Court adopted the Report and Recommendation and ordered the U.S. Marshal to serve Defendant McMillian at the Standish Correctional Facility. (Dkt. No. 61). In reviewing the court's docket sheet, it appears that Defendant McMillian was never served. Still, the Court

Before the Court is Plaintiff Germain Skinner's Objections to Magistrate Judge Paul J. Komives' February 10, 2009 Report and Recommendation in favor of granting Defendant Englesgjerd's Motion for Summary Judgment (Dkt. No. 56) and in favor of granting the Michigan Department of Corrections ("MDOC") Defendants' Motion for Summary Judgment (Dkt. No. 76). Also on February 10, 2009, Magistrate Judge Komives entered an Order Denying Plaintiff's Motion for Appointment of Counsel. (Dkt. No. 92). On February 23, 2009, Plaintiff filed a Motion for an Extension of Time to file objections to the Report and Recommendation. The Court granted in part Plaintiff's motion and ordered Plaintiff to file objections no later than March 24, 2009. Consistent with the Court's Order, Plaintiff timely filed objections to both the Report and Recommendation and the Order on March 24, 2009.

The Court now reviews the Objection, the Report and Recommendation, and the Order and pertinent parts of the record de novo pursuant to 28 U.S.C. § 636(b).

## I. BACKGROUND

Because Plaintiff does not object to the facts or procedural history as summarized by Magistrate Judge Komives, the Court adopts the relevant portion of the Report and Recommendation here:

> Plaintiff Germain Isaac Skinner is a state prisoner confined at the Baraga Maximum Correctional Facility in Baraga, Michigan. At the times relevant to this complaint, [P]laintiff was incarcerated at the Standish Maximum Correctional Facility in Standish, Michigan. Plaintiff commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's complaint arises from an incident on January 25, 2002, in which he was stabbed twice in the left eye by

---

summarily dismisses the claim against Defendant McMillian *sue sponte*, as Plaintiff's claims against him involve the same factual and legal issues as those governing Plaintiff's claims against Defendants Grandson, Watson, Ballerstone, and Baneszak, which are discussed at length below.

> another inmate. Plaintiff alleges that defendants were deliberately indifferent to his safety and to his serious medical needs by: (1) failing to prevent the attack; (2) failing to provide prompt medical attention following the attack; and (3) transferring him to the Baraga Maximum facility despite his need for eye treatment.[2] Currently before the Court are two dispositive motions filed defendants.[3]
>
> First, on June 1, 2006, [D]efendant Englesgjerd filed a motion for summary judgment. He argues that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law because he was not working at Standish Maximum Correctional Facility on the date of the incident and had no involvement in the treatment of plaintiff. Plaintiff filed a combined response to the motion and motion to amend the complaint on July 12, 2006. Plaintiff argues that [D]efendant Engelsgjerd is not entitled to summary judgment because he previously filed a motion for summary judgment, and because he did not raise the issue in his answer to the complaint.[4] Defendant Engelsgjerd filed a reply on July 14, 2006.
>
> Second, [D]efendants Wright, Grandson, Baneszak, Watson, Ballerstone, Meagher, and Birkett ("MDOC [D]efendants") filed a motion for summary judgment on October 25, 2006. Defendants argue that there is no genuine issue of material fact with respect to whether they were deliberately indifferent to either plaintiff's safety or his serious medical needs. Plaintiff filed a response on December 11, 2006. Plaintiff argues that defendants are not entitled to summary judgment, but that he is so entitled.

(Rep. & Rec. Dkt. No. 95, 2-3).

## II.    ANALYSIS

### A.    Legal Standards

#### 1.    Review of Report and Recommendation

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a de novo review of the portions of the Magistrate Judge's Report and Recommendation

---

[2] "In a prior Order, the Court dismissed [P]laintiff's equal protection claim against [D]efendant Engelsgjerd."

[3] "Also pending but not addressed in this Report [and Recommendation] are [P]laintiff's motions to amend and for appointment of counsel, and [D]efendants' motion to stay discovery. These motions are addressed in separate orders entered on this date."  All three motions were denied by the Magistrate Judge.

[4] "Plaintiff also seeks to amend his complaint to name the proper [D]efendant. This motion is addressed in a separate order."

to which a party has filed "specific written objections" in a timely manner. *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004).

### 2. Review of Magistrate Judge's Order

The Magistrate Judge's Order concerns a non-dispositive, pre-trial matter. Therefore, this Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a).

### 3. Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56, a party against whom a claim, counterclaim, or cross-claim is asserted may "at any time, move with or without supporting affidavits, for a summary judgment in the party's favor as to all or any part thereof." FED. R. CIV. P. 56(b). Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

> Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Id*. at 323; *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting BLACK'S LAW DICTIONARY 881 (6th ed. 1979)) (citations omitted). A dispute over a

material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993). In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir. 1984).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" will mandate the entry of summary judgment. *Celotex*, 477 U.S. at 322-23. The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. FED. R. CIV. P. 56(e). The rule requires that non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment).

### B.     Plaintiff's Objections

Plaintiff provides four objections to Magistrate Judge Komives' Report and Recommendation and one objection to the Magistrate Judge's Order Denying Plaintiff's Motion for Appointment of Counsel. First, Plaintiff argues that he showed that the MDOC Defendants had knowledge of a risk to his health and safety, as is required under *Farmer v. Brennan*, 511 U.S. 825 (1994), by mailing a "kite" to Defendant Meagher with copies to the "inspector" and Defendant

Birkett and by providing an account of this in his declaration. Second, Plaintiff contends that the Magistrate Judge erred by ignoring the above-referenced "kite," which was sent to Defendants Birkett and Meagher and which established that the MDOC Defendants acted with deliberate indifference by failing to prevent the attack against Plaintiff. Third, Plaintiff submits that the MDOC Defendants acted with deliberate indifference to Plaintiff's treatment by sending him to Bay Medical Center instead of "U of M." Fourth, Plaintiff claims that Defendants Birkett's statement that Plaintiff was transferred to a facility that could meet his medical needs and Plaintiff's allegation that he has yet to receive any treatment since his transfer establishes that Defendant Birkett knew of the lack of facilities for adequately treating Plaintiff's condition. Lastly, Plaintiff objects to a separate Order issued by the Magistrate Judge, denying Plaintiff's request for the appointment of counsel.

### 1.     Plaintiff's First and Second Objections

Because Plaintiff's first and second objections involve similar factual and legal issues, the Court addresses them concurrently.

As noted by Magistrate Judge Komives, to be held liable under the Eighth Amendment for denying humane conditions of confinement, the prison official must have known of a substantial risk of serious harm and then disregarded that risk by failing to take reasonable actions to abate it. *Farmer*, 511 U.S. at 847. Hence, Plaintiff needs to establish that (1) the MDOC Defendents were aware of a substantial risk to Plaintiff and (2) that they failed to take reasonable measures to abate the risk.

In the case at bar, Plaintiff claims that two documents create genuine issues of material fact as to his Eighth Amendment failure to protect claims.

First, Plaintiff provides a sworn but not notarized handwritten declaration where Plaintiff

claims that on January 22, 2002, he mailed a "kite" to Deputy Warden Barbara Meagher, in which he allegedly "expressed concerns about [his] safety as [he] had an exchange of words with a few prisoners also housed in unit-4." (Pl.'s Resp. Decl. ¶¶ 1-3). Plaintiff also claims that he mailed a second "kite" on January 24, 2004.[5] That letter is detailed below.

Second, Plaintiff provides a copy of a handwritten letter purportedly written by Plaintiff and mailed to Defendants Meagher and Birkett the day before Plaintiff was stabbed.

> To: Deputy Meagher (SMF)
> From: Mr. Skinner, Germain # 211176
> RE: Staff placing my life in danger
> Date: 24/Jan/02
>
>                             Dear Deputy, Meagher
>
>       On the above date, I had an argument with a few inmates over the previous threat kite which you received that had my name on the return address. I'm truly feeling that staffs are behind the whole ordeal and are tryin' to place my life in danger.
>
>                             Sincerely,
>                             Mr. Germain I. Skinner
>
> CC:
> Inspector
> Warden (SMF)

(Pl.'s Resp. Ex. 34, Jan. 24, 2002 Letter).

After a thorough review of these documents, the Court finds that Plaintiff has not presented evidence which creates a genuine issue of material fact that Defendants Meagher and Birkett not only were "aware of facts from which the inference could be drawn that a substantial risk of serious

---

[5] Plaintiff does not mention either of the kites in his Complaint nor does he allege in his Complaint that Defendants Meagher and Birkett were liable in any way for failing to prevent the attack against Plaintiff. This claim is raised for the first time in his Response to the MDOC Defendants' Motion for Summary Judgment.

harm exists" but also that they "dr[e]w the inference." *Farmer*, 511 U.S. at 837.

First, in the January 22, 2002 kite, Plaintiff vaguely claims that he was concerned about his safety as a result of him having an exchange of words with a few prisoners in Unit-4. He does not identity any of the prisoners in which he exchanged words nor does he describe why he was concerned for his safety. Even assuming that Defendant Meagher received the January 22, 2002 kite in the mail before Plaintiff was attacked only three days later, such vague claims are insufficient, as a matter of law, to put Defendant Meagher on notice of a substantial risk of serious harm to Plaintiff.

As to the second kite, Plaintiff claims to have <u>mailed</u> the letter on January 24, 2002 through the U.S. Postal Service—he did not provide the kite to any prison authorities that day. The incident in question took place the following morning just before 9 a.m. Plaintiff has not shown that the letter reached—or even could have reached—Defendants Meagher or Birkett before the incident occurred and therefore has not shown that Defendants Meagher and Birkett were aware of the second kite at the time the incident took place. In fact, Plaintiff seems to acknowledge this in his affidavit: "That due to me being assaulted the day 'after' I submitted my 'second' kite, the [Defendants'] had no time to respond." (Pl.'s Resp. Decl. ¶¶ 7).

Accordingly, the Court denies Plaintiff's first and second objection to the Magistrate Judge's Report and Recommendation.

### 2. Plaintiff's Third Objection

Plaintiff objects to the Magistrate Judge's finding that Defendants were entitled to summary judgment on Plaintiff's claims that they did not provide prompt medical attention to him following the incident. Specifically, Plaintiff claims that Bay Medical Center was not the "best choice" for his medical care because Plaintiff needed to be sent to the University of Michigan Medical Center.

He further asserts that Defendants cut corners in order to save money by sending him to Bay Medical Center instead of the University of Michigan Medical Center. In support of his argument, Plaintiff cites his treatment notes, which state that a call was received from "C.C. stating they want to send [Plaintiff] to U of M. . . . but they are looking at sending him to U of M, [sic] there are security issues." (Dkt. No. 56, Ex. A). The notation was entered at 7:00 p.m. on the day of the incident. An entry an hour later provides: "Received call from C.C. [Plaintiff is] staying at Bay [Medical Center and] having surgery in a.m." (*Id*.)

These notes do not establish that Defendants were deliberately indifferent to Plaintiff's medical needs. In fact, they tend to imply that while there was a desire to transfer Plaintiff to the University of Michigan Medical Center, security issues prevented a transfer from taking place. The notes do not give rise to a genuine issue of material fact as to any indifference on the part of the Defendants in providing him medical attention. Accordingly, the Court denies Plaintiff's third objection.

### 3. Plaintiff's Fourth Objection

Plaintiff also objects to the Magistrate Judge's finding that Defendants were not deliberately indifferent to Plaintiff's medical needs by transferring him to the Baraga Correctional Facility. The Court agrees with the Magistrate Judge that Defendants are entitled to summary judgment on this claim.

Plaintiff's objection focuses on a statement made by Defendant Birkett in an affidavit attached to Defendants' Motion for Summary Judgment. In his affidavit, Defendant Birkett provides: "Prisoner alleges that staff's deliberate indifference caused him to be moved to the Upper Peninsula where he no longer gets therapy for his eye. All CFA transfers are arranged and approved by Lansing. Contrary to Plaintiff's claims, he was transferred to a facility that could meet his

9

medical needs." (Defs.' Br. Ex. H, Birkett Aff. ¶ 11). Specifically, Plaintiff argues that Defendant Birkett's statement that Plaintiff was transferred to a facility that could meet his medical needs and Plaintiff's allegation that he has yet to receive any treatment since his transfer establishes that Defendant Birkett knew of the lack of facilities for adequately treating Plaintiff's condition. The Court does not agree.

Plaintiff has not shown that Defendant Birkett knew or should have known that the medical facilities available at or near the Baraga facility were inadequate for Plaintiff's needs or even that Defendant Birkett influenced the decision to transfer Plaintiff in any way. Defendant Birkett's affidavit merely shows that he believed the Baraga facility could meet Plaintiff's needs. Similarly, the fact that Plaintiff has not received treatment does not mean that the Baraga facility is, in fact, incapable of meeting Plaintiff's medical needs. If Plaintiff is dissatisfied with his medical care at the Baraga facility, then Plaintiff should seek a transfer from that facility. *See Taylor v. Jagers*, 115 Fed. Appx. 682, 684 (5th Cir. 2004) ("If Taylor was dissatisfied with the medical treatment at the Parchman facility, he could have pursued administrative remedies at that institution and, if successful, could have filed a civil rights complaint against the officers of that facility. His complaints about his treatment at Parchman do not state a claim of deliberate indifference against the officers at EMCF). Therefore, the Court denies Plaintiff's fourth objection.

### 4. Plaintiff's Objection to the Magistrate Judge's Order

Plaintiff also objects to the Magistrate Judge's Order denying Plaintiff's request for appointment of counsel. (Dkt. No. 92). That Order was not part of the Magistrate Judge's Report, but because Plaintiff asserted his reasons for challenging that Order in his Objections to the Magistrate Judge's Report, the Court addresses the objections below.

Defendant's objection to the Magistrate Judge's Order is essentially a restatement of the

10

issues addressed in his other four objections. Because the Court found no merit in those objections, the Court likewise rejects Plaintiff's objection to the Order.

**III. CONCLUSION**

For these reasons, the Court:

(1) **ADOPTS** the Magistrate Judges's Report and Recommendation in favor of granting Defendant Englesgjerd's Motion for Summary Judgment (Dkt. No. 56) and in favor of granting the Michigan Department of Corrections Defendants' Motion for Summary Judgment (Dkt. No. 76) and the Magistrate Judge's Order Denying Plaintiff's Motion for Appointment of Counsel (Dkt. No. 92).

(2) **DENIES** Plaintiff's Objections to the Magistrate Judge's Report and Recommendation and Order Denying Plaintiff's Motion for Appointment of Counsel. (Dkt. No. 98).

(3) **DISMISSES** the action **WITH PREJUDICE**.

**SO ORDERED.**

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: March 31, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 31, 2009.

S/Denise Goodine
Case Manager